**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43646**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 478** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: April 12, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ROBERT GLEN ZAZWETA,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order partially granting motion for credit for time served, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Robert Glen Zazweta pled guilty to possession of marijuana with intent to deliver. Idaho Code § 37-2732(a)(1)(B). The district court sentenced Zazweta to a unified term of five years with three years determinate and retained jurisdiction. Zazweta's parole in an unrelated case was revoked and Zazweta returned to prison. Zazweta's retained jurisdiction period in this case was served in prison. Following the period of retained jurisdiction, the district court suspended Zazweta's sentence and placed him on probation for a period of five years. Zazweta remained incarcerated in the unrelated case. After release, Zazweta violated his probation in the instant case and the district court revoked his probation and ordered the underlying sentence executed. Zazweta filed motions, pursuant to Idaho Criminal Rule 35, for credit for time served. The

1

district court granted Zazweta credit for time served while in the Bannock County Jail on this case. However, the district court denied Zazweta credit for time served while on probation in this case but incarcerated on the unrelated matter. Zazweta appeals contending that the district court erred in refusing to grant credit for time served while incarcerated on the unrelated case, but on probation in this case.

Zazweta acknowledges that I.C. §§ 18-309(1), 18-309(2), and 19-2603 do not provide for credit for time served under the circumstances of this case. In fact, Zazweta acknowledges that no Idaho statute provides for an award of credit for time served while on probation, but incarcerated on an unrelated matter. Thus, Zazweta cannot show that the district court erred by partially denying his motion for credit for time served. The district court's order partially granting Zazweta's motion for credit for time served is affirmed.